23 So.2d 513

**HARRIS v. STATE.**

8 Div. 469.

Court of Appeals of Alabama.
June 26, 1945.

Rehearing Denied Aug. 7, 1945.

J. Foy Guin, of Russellville, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant (defendant) with distilling, making or manufacturing, alcoholic, spirituous or malt liquor, a part of which was alcohol, contrary to law. Also with the unlawful possession of a still, etc., to be used for that purpose. There are three counts in the indictment all proper in form and substance.

The trial in the circuit court resulted in the conviction of the defendant. The verdict of the jury, as shown by the judgment, reads as follows: "We the jury find the defendant guilty as charged in the indictment." Judgment of conviction was duly pronounced and entered, and defendant was sentenced to imprisonment in the penitentiary for fifteen months. From the judgment this appeal was taken.

There was no semblance of conflict in the testimony as to the corpus delicti. A raiding party of four officers found a complete still in full operation with whiskey running from the still, and also a quantity of whiskey already made at the still.

There is no dispute about the fact that the officers saw two men working at the still on the morning of the raid and that both of the men endeavored to escape by running away when the presence of the officers was discovered. Each of the officers testified that the two men who were operating the still were Calvin Reynolds, and this appellant George Harris. Reynolds was captured there near the still while trying to escape. He very readily admitted his guilt. The other man succeeded in making his escape, but was later apprehended.

Upon the trial one single question was controlling, and this question is conclusive of this appeal, and that is, the identity of the man who was working with Reynolds at the still who escaped and ran away. This appellant testified he was not the man. All four of the officers of the law positively identified this appellant, George Harris, as being the man. Defendant offered testimony of several witnesses that at the time and place the raid upon the still was made he was in Haleyville, Alabama, some miles distant from the still. This conflict in the evidence was for the jury to determine. There is no phase of this case which entitled the defendant to a

directed verdict, and appellant's insistence to the contrary is so very untenable, it needs no discussion. As stated this case hinged and rested upon the one fact above discussed. The jury decided the case adversely to the contention of the defendant. We are clearly of the opinion that the evidence was ample to support the verdict of the jury and to sustain the judgment of conviction pronounced and entered thereon.

No reversible error appears in any ruling of the court complained of calculated to prejudice the substantial rights of defendant. Sup.Ct. Rule 45, Code 1940, Tit. 7 Appendix. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.